## Illinois Commercial Men's Association v. Mary Wahl.

1. INSURANCE—*Notice of Assessments.*—A suit against a mutual insurance association was defended on the ground that the deceased was not at the time of his death a member of the association in good standing. The evidence showed that the constitution of the association required thirty days notice to a member of an assessment; that at a meeting of the board of directors of the association a resolution for an assessment upon each member to be paid within three days was passed; that an assessment was made on the 2d of October, and notice of the same sent to the deceased; that the thirty days allowed for the payment thereof expired in November (exact date not shown), and that the deceased died on November 6th, without having paid said assessment. *Held,* that the resolution of the directors was void and that deceased was not shown to be delinquent upon the assessment made October 2d, due on some unnamed day in November.

Assumpsit, on an insurance policy. Appeal from the Superior Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed December 28, 1896.

D. V. SAMUELS, attorney for appellant.

M. SALOMON, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This action is by the widow of John Wahl to recover upon a certificate of membership in the appellant association. What were the terms of the certificate is not shown, but the defense below was, and appeal here is, upon two grounds:

First, that John Wahl was not, at the time of his death, a member in good standing of the association.

Second, that at the time of his death he was "under the influence of intoxicating liquors," which, by the constitution, barred all claim.

The first ground is based upon the fact that, at a meeting of the board of directors, September 28, 1893, a resolution was passed for an assessment of $3 upon each member, to

be paid on or before October 1, 1893. That resolution, requiring payment in three days, was void, as the constitution required thirty days notice to a member, of an assessment. The brief of the appellant recites this resolution as requiring payment on or before November 1, 1893, but both the record and the abstract contradict that recital.

It is only for failure to pay that assessment, of which there is no evidence that John Wahl ever had notice, that the appellant insists that John Wahl was not a member in good standing at the time of his death.

The abstract does state that the secretary and treasurer of the association testified that "an assessment was made on the 2d day of October, and the thirty days allowed for the payment of the same expired in November. Notice of this assessment was sent to John Wahl. It was not paid by him or any one else before his death." But as he died November 6, 1893, such testimony does not tend to show that he was delinquent upon an assessment which expired on some unnamed day in that month.

The second ground is on a fact which the court, in accordance with the great preponderance of the evidence, found against the appellant.

Whatever may be the real merits in this case, the judgment for the appellee can not, on this record, be disturbed, and it is affirmed.